UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ALANDA DONALDSON,                                    Case No. DK 09-05023
                                                     Hon. Scott W. Dales
            Debtor.
_____/

UNEMPLOYMENT AGENCY,

            Plaintiff,                               Adversary Proceeding
                                                     No. 09-80356
v.

ALANDA DONALDSON,

            Defendant.
_____/

## MEMORANDUM OF DECISION REGARDING MOTION FOR RELIEF FROM JUDGMENT

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Plaintiff, Michigan Unemployment Agency, Department of Energy, Labor, and Economic Growth ("Plaintiff"), filed a complaint against Debtor-Defendant, Alanda Donaldson ("Defendant"), seeking a judgment declaring that she owes the Plaintiff $33,729.00 (the "Debt"), and that the Debt should be excepted from discharge under 11 U.S.C. § 523(a)(2). The court entered a default judgment (the "Judgment," DN 11) on December 2, 2009.

The Defendant filed a motion to set aside the Judgment on December 21, 2009 ("Original Motion," DN 12) relying on Rule 60(b), made applicable to this proceeding by Rule 9024.[1] In an order dated December 23, 2009, the court observed that the Defendant had failed to offer any

_____

[1] In this opinion, the court will refer to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60 as "Rule 9024" and "Rule 60," respectively, and will use the same convention in referring to other federal rules.

meritorious defense to the Plaintiff's complaint. Rather than denying the Original Motion for that reason, however, the court granted the Defendant an opportunity to supplement it, which she did by filing the Supplemental Motion to Set Aside Default and Default Judgment ("Supplemental Motion," DN 17).[2] The court held a hearing to consider the Motion on January 13, 2010 in Kalamazoo, Michigan. Both parties appeared and argued their positions. The Defendant was also present.

As noted in its prior order, the request for relief from the Judgment under Rule 60(b) requires the court to consider: "(1) [w]hether culpable conduct of the defendant led to the default, (2) [w]hether the defendant has a meritorious defense, and (3) [w]hether the plaintiff will be prejudiced." Waifersong, Ltd. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992); Weiss v. St. Paul Fire & Marine Ins. Co., 283 F.3d 790, 794 (6th Cir. 2002). The standard for seeking relief from judgment under Rule 60 is similar to the standard for setting aside a default under Rule 55, though the moving party who invokes the former has a more onerous burden after the default has ripened into a judgment.

In the course of describing her defense, the Defendant concedes that she advised the Plaintiff through its automated telephone system, known as "MARVIN," that she was unemployed (when in fact she was employed) and that she was not receiving wage income (when in fact she was). She concedes that she obtained property, in the form of unemployment benefits from the Defendant, based upon the misrepresentations she made through the MARVIN system.

The Defendant contends, however, that her employer advised her to continue collecting unemployment benefits because the employer was paying her on a draw. In other words, she would get an advance from her employer, which she was required to re-pay from her future

---

[2] The court will refer to the Supplemental Motion and the Original Motion collectively as the "Motion."

earnings.  Under these circumstances, the Defendant contends she reasonably thought she was not employed and was not receiving compensation, and therefore was permitted to report precisely the opposite on the MARVIN system, and receive unemployment benefits as alleged in the complaint.

At the hearing, the court asked whether the Defendant, who was present, wished to supplement the Motion with evidence, or whether she was content to rely on counsel's argument.  See, e.g., Bell Labs v. Hughes Aircraft, 73 F.R.D. 16, 21 (D. Del. 1976); Johnson v. Graham, 336 B.R. 712, 716 (Bankr. M.D.N.C. 2006).  In making the inquiry, the court had in mind testimony from the Defendant herself or perhaps an affidavit or declaration from the employer.  The Defendant rested on her argument alone.

The Plaintiff's counsel argued that the supposed defense in the Supplemental Motion was no defense at all, but only served to confirm the Judgment's merit.  The court agrees.

First, the Defendant's statement that her "employer" (See Supplemental Motion at ¶ 4) would tell her to report that she was unemployed, even if true, hardly amounts to a defense, because the court cannot accept the contention that anyone with an employer could ever report in good faith that she was not employed.  Second, the documents attached to the Plaintiff's original motion for default judgment plainly establish that the Defendant was receiving compensation while she was claiming unemployment benefits, contrary to her representations on this score.

Given the utterly fanciful nature of the supposed defense, and in the absence of any evidentiary support for it, the court will deny the Motion.  Setting aside the Judgment serves no purpose in the absence of a meritorious, or even colorable, defense.  The Judgment shall stand as entered.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall enter a separate order denying the Original Motion (DN 12) and the Supplemental Motion (DN 17).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and the separate order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas C. Johnson, Esq., Attorney for Plaintiff and Michael B. Walling, Esq., Attorney for Defendant.

[END OF ORDER]

**IT IS SO ORDERED.**



_____
Scott W. Dales
United States Bankruptcy Judge

**Dated: January 15, 2010**